

1  Mark E. Merin (State Bar No. 043849)
   Joshua Kaizuka (State Bar No. 212195)
2  **LAW OFFICES OF MARK E. MERIN**
   2001 P Street, Suite 100
3  Sacramento, California 95811
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       office@markmerin.com
5
   Attorneys for Plaintiff
6
7                      ---o0o---

8           UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10                    ---o0o---



                                    Case No.

11 JANE DOE, a minor, through her guardian ad litem,
   Mary Doe
12                                  **COMPLAINT FOR DAMAGES; CIVIL
          Plaintiff,                RIGHTS VIOLATIONS; EXCESSIVE
13                                  FORCE; DELIBERATE INDIFFERENCE**
      vs.
14                                  **DEMAND FOR JURY TRIAL**
15 HUMBOLDT COUNTY, ROES 1 THROUGH 30
16         Defendants.
17
18              **I.    INTRODUCTION**

19         This is a complaint for damages resulting from the use of excessive force and failure to protect a

20 minor from sexual assault while she was in custody at the Humboldt County juvenile hall.

21         During the month of November 2008, Plaintiff JANE DOE was a ward at the Humboldt County

22 Juvenile Hall under the care, custody, and control of Defendant HUMBOLDT COUNTY.  During the

23 period of her incarceration, Plaintiff was twice subjected to excessive and punitive force by Juvenile Hall

24 staff. Defendants also exposed Plaintiff to a sexual assault by placing her in a cell with a male ward who

25 sexually assaulted Plaintiff.  Instead of promptly reporting the sexual assault to law enforcement and to

26 Plaintiff's mother, and providing medical/psychological assistance, employees of Humboldt County

27 offered and suggested that Plaintiff take a "morning after" pill.

28 \\\

                                    1

## II.    JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and 1343(3) and (4) the aforementioned statutory and constitutional provisions.

2.    Under 28 U.S.C. § 1367(a) the Court has supplemental jurisdiction over the state claims alleged herein.

3.    The amount in controversy exceeds $10,000, excluding interest and costs.

## III.    PARTIES

4.    Plaintiff JANE DOE (age 17) is, and at all material times herein, was a citizen of the United States and resident of the State of California, when she was subjected to the acts alleged in this complaint.

5.    Defendant HUMBOLDT COUNTY is a county government agency that includes the Humboldt County Probation Department, which is responsible for the care, custody, and control of juveniles who are wards of the court pursuant to California Welfare and Institutions Code § 730.

6.    Defendants ROES 1 THROUGH 30 are, upon information and belief, agents, officers and employees of Defendant HUMBOLDT COUNTY, who were responsible, in one way or another, for the denial of constitutional and statutory rights, damages, and injuries suffered by Plaintiff while in the care, custody, and control of Defendants at the Humboldt County Juvenile Hall.

7.    The real names of ROES 1 THROUGH 30 are not now known to Plaintiff who sue such Defendants by their fictitious names.  Plaintiff will substitute the real names of said Defendants when the same are ascertained.

## IV.    FACTS

8.    On or about November 12, 2008, Plaintiff JANE DOE, was a ward and in the custody of Defendants at the Humboldt County Juvenile Hall in Eureka, when she was subjected to excessive force which included being "slammed" or thrown face first against an office window and down to the ground by Defendants ROES 1 through 10, who were on duty as probation officer employees of Defendant HUMBOLDT COUNTY.  The force used was not only excessive, but was punitive and corporal

2

punishment in violation of state and federal law.  The identities of the employees involved in the incident are not now known and Plaintiff prays for leave to amend this Complaint to substitute said names when the same are ascertained.

9.      On or about November 14, 2008, while Plaintiff was still a ward and in the custody, care, and control of Defendants at the Humboldt County Juvenile Hall, she was again subjected to excessive force as follows:  she was sprayed with "OC" or pepper spray, "slammed" down to the ground, and then thrown into a cold shower by Defendants ROES 11 through 20 who were on duty as probation officer employees of Defendant HUMBOLDT COUNTY.  Plaintiff did not receive any medical attention after being pepper sprayed.  The force used was excessive, punitive, and corporal punishment in violation of state and federal law.  The identities of all of the employees involved in the incident are not now known and Plaintiff prays for leave to amend this Complaint to substitute said names when the same are ascertained.

10.     On or about November 15, 2008, Defendants were deliberately indifferent when Defendants ROES 21 through 30, who were on duty as probation officer employees of Defendant HUMBOLDT COUNTY, locked Plaintiff in a cell with a male ward.  The male ward sexually assaulted Plaintiff.  Defendants were deliberately indifferent to Plaintiff's medical and psychological needs after the sexual assault, failed immediately to advise Plaintiff's mother of the sexual assault but instead, suggested to the Plaintiff, a minor, that she should take a "morning after" pill.  The identities of all of the employees involved in the incident are not now known and Plaintiff prays for leave to amend this Complaint to substitute said names when the same are ascertained.

11.     Plaintiff is informed and believes that defendant HUMBOLDT COUNTY has a policy, custom and practice at the juvenile hall of failing adequately to segregate male and female juvenile detainees; failing adequately to train probation staff; and allowing excessive and punitive force to be applied to juveniles.

\\\

\\\

\\\

\\\

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
*Jane Doe vs. County of Humboldt, et al.*; USDC, ND, Case No.

3e197726ecf802d6

## V.     COUNT ONE

Violation of Eighth and Fourteenth Amendments to the U.S. Constitution – 42 U.S.C. § 1983
(Against Defendants HUMBOLDT COUNTY and ROES 1 through 10)

12.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

13.     On or about November 12, 2008, said Defendants, HUMBOLDT COUNTY and ROES 1 through 10, acting under color of state law, in the performance of their duties and in furtherance of its policy, custom and practice of Humboldt County, exposed Plaintiff to excessive punitive force in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

14.     As a direct and proximate result of the violations of Plaintiff's constitutional rights by said Defendants, Plaintiff suffered physical and emotional harm including pain from being "slammed" against an office window and by being "slammed" down to the ground by said Defendants.

15.     Wherefore, Plaintiff prays for relief as hereunder appears.

## VI.     COUNT TWO

Violation of Eighth and Fourteenth Amendments to the U.S. Constitution - 42 U.S.C. § 1983
(Against Defendants HUMBOLDT COUNTY and ROES 10 through 20)

16.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

17.     On or about November 14, 2008, said Defendants, HUMBOLDT COUNTY and ROES 10 through 20, acting under color of state law, in the performance of their duties and in furtherance of its policy, custom and practice of Humboldt County, exposed Plaintiff to excessive punitive force in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

18.     As a direct and proximate result of the violations of Plaintiff's constitutional rights by said Defendants, Plaintiff suffered physical and emotional harm including pain from being "slammed" down to the ground, sprayed with "OC" or pepper spray, and being thrown into a cold shower by said Defendants.

19.     Wherefore, Plaintiff prays for relief as hereunder appears.

\\\

\\\

4

## VII.   COUNT THREE

Violation of Eighth and Fourteenth Amendments to the U.S. Constitution - 42 U.S.C. § 1983
(Against Defendants HUMBOLDT COUNTY and ROES 20 through 30)

20.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

21.     On or about November 15, 2008, said Defendants, HUMBOLDT COUNTY and ROES 20 through 30, acting under color of state law, in the performance of their duties and in furtherance of its policy, custom and practice of Humboldt County, with deliberate indifference to the safety of Plaintiff, placed her in a cell with a male detainee causing Plaintiff to be sexually assaulted.  Defendants, with deliberate indifference, failed to provide Plaintiff with prompt psychological and medical services.

22.     As a direct and proximate result of the violations of Plaintiff's constitutional rights by said Defendants, Plaintiff suffered physical and emotional harm.

23.     Wherefore, Plaintiff prays for relief as hereunder appears.

## VIII.   COUNT FOUR

Violation of California Civil Code §§ 52.1 and 52.
(Against Defendants HUMBOLDT COUNTY and ROES 1 through 10)

24.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

25.     The excessive force to which said Defendants subjected Plaintiff on November 12, 2008, was in violation of constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the U.S. Constitution; by California Welfare and Institutions Code § 851 (failure to provide a safe and supportive homelike environment); by California Code of Regulations, Title 15 §§ 1357 (excessive force in juvenile halls) and § 1390 (prohibiting corporal punishment); California Constitution article I §§ 1 (right to enjoy life, liberty and safety), § 7 (right to due process), 17 (no cruel or unusual punishment). The provisions of sections 52 and 52.1 of the California Civil Code provides that Plaintiff is entitled to recover a minimum of $4,000 in damages for each violation because she was deprived of constitutional and statutory rights by the coercive acts of Defendants HUMBOLDT COUNTY and ROES 1 THROUGH 10.

\\\

26.     As a direct and proximate result of the coercive violation of her constitutional rights, Plaintiff suffered physical and emotional harm for which she seeks compensation in an amount to be proved at trial but in excess of $4,000.

27.     Wherefore, Plaintiff prays for relief as hereunder appears.

## IX.     COUNT FIVE

Violation of California Civil Code §§ 52.1 and 52.
(Against Defendants HUMBOLDT COUNTY and ROES 11 through 20)

28.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

29.     The excessive force to which said Defendants subjected Plaintiff on November 14, 2008, was in violation of constitutional rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution; by California Welfare and Institutions Code § 851 (failure to provide a safe and supportive homelike environment); by California Code of Regulations, Title 15 §§ 1357 (excessive force in juvenile halls) and § 1390 (prohibiting corporal punishment); California Constitution article I §§ 1 (right to enjoy life, liberty and safety), § 7 (right to due process), § 17 (no cruel or unusual punishment).  The provisions of sections 52 and 52.1 of the California Civil Code provides that Plaintiff should be entitled to a minimum of $4,000 in damages for each violation because she was deprived of constitutional and statutory rights by the coercive acts of Defendants HUMBOLDT COUNTY and ROES 1 THROUGH 10.

30.     As a direct and proximate result of the coercive violation of her constitutional rights, Plaintiff suffered physical and emotional harm for which she seeks compensation in an amount to be proved at trial but in excess of $4,000.

31.     Wherefore, Plaintiff prays for relief as hereunder appears.

## X.     COUNT SIX

Assault and Battery
(Against Defendants HUMBOLDT COUNTY and ROES 1 through 10)

32.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

\\\

6

33.     On November 13, 2008, Plaintiff was touched in a harmful and offensive manner by Defendants ROES 1 through 10 without consent and suffered physical pain and emotional distress. Defendants ROES 1 through 10 are liable for assault and battery of Plaintiff.

34.     Defendant HUMBOLDT COUNTY as employer of Defendant ROES 1 through 10 who committed the acts described in this Complaint, is liable for the assault and battery of Plaintiff.

35.     Wherefore, Plaintiff prays for relief as hereunder appears.

## XI.     COUNT SEVEN

### Assault and Battery
(Against Defendants HUMBOLDT COUNTY and ROES 11 through 20)

36.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

37.     On November 14, 2008, Plaintiff was touched in a harmful and offensive manner by Defendants ROES 11 through 20 without consent and suffered physical pain and emotional distress. Defendants ROES 11 through 20 are liable for assault and battery of Plaintiff.

38.     Defendant HUMBOLDT COUNTY as employer of Defendant ROES 11 through 20 who committed the acts described in this Complaint, is liable for the assault and battery of Plaintiff.

39.     Wherefore, Plaintiff prays for relief as hereunder appears.

## XII.     COUNT SEVEN

### Negligent Infliction of Emotional Distress
(Against Defendants HUMBOLDT COUNTY and ROES 21 through 30)

40.     Plaintiff incorporates into this cause of action each and every other allegation of this complaint, to the extent relevant, as if fully set forth herein.

41.     On or about November 15, 2008, said Defendants, ROES 21 through 30, acting under color of state law and in the performance of their duties, negligently placed Plaintiff in a cell with a male detainee, causing Plaintiff to be sexually assaulted.  Defendants ROES 21 through 30 are liable for negligent infliction of emotional distress.

42.     Defendant HUMBOLDT COUNTY as employer of defendant ROES 21 through 30 who committed the acts described in this Complaint, are liable for the negligent infliction of emotional distress of Plaintiff.

7

43.     Wherefore, Plaintiff prays for relief as hereunder appears.

### XIII.   PRAYER FOR RELIEF

Wherefore Plaintiff seeks Judgment as follows:

1.      For compensatory, general, and special damages;

2.      Exemplary damages in an amount sufficient to deter and to make an example of Defendants;

3.      Attorney's fees and costs under 42 U.S.C. § 1988 and California Civil Code §§ 52 and 52.1;

4.      The costs of this suit and such other relief as the Court finds just and proper.

DATED: August 26, 2009                          Respectfully Submitted,

                                LAW OFFICE OF MARK E. MERIN


                                        /s/ - "Mark E. Merin"
                        By:_____
                                        Mark E. Merin
                                        Attorneys for Plaintiffs

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**
*Jane Doe vs. County of Humboldt, et al.;* USDC, ND, Case No.

1   **A JURY TRIAL IS DEMANDED.**

2   DATED:  August 26, 2009         Respectfully Submitted,

3                               LAW OFFICE OF MARK E. MERIN

5                           /s/ - "Mark E. Merin"

6                By: _____

7                      Mark E. Merin
                          Attorneys for Plaintiffs